Rita J. Yoon (*pro hac vice*)
ryoon@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
(415) 626-3939

I. Sasha Mayergoyz (*pro hac vice*)
smayergoyz@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
(312) 782-3939

John R. O'Donnell (SBN 318054)
jodonnell@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
(213) 489-3939

*Attorneys for Plaintiff Coinbase, Inc.*

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINBASE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DYNAPASS INC. and DYNAPASS IP HOLDINGS LLC,<br><br>Defendants. | Case No. 2:25-cv-8317<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,993,658**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DECLARATORY JUDGMENT

# COMPLAINT

Plaintiff Coinbase, Inc. ("Coinbase") files this Complaint for Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent No. 6,993,658 against Defendants Dynapass Inc. and Dynapass IP Holdings LLC (collectively "Dynapass").

## NATURE OF THE ACTION

1. This is an action for declaratory judgment that Coinbase does not infringe the claims of U.S. Patent No. 6,993,658 ("658 patent" attached as Exhibit 1) and that the claims of the 658 patent are invalid for failing to satisfy one or more requirements of 35 U.S.C. §§ 101 *et seq*.

2. Coinbase requests this relief because Dynapass baselessly accuses Coinbase of infringing the 658 patent and refuses to withdraw its infringement claims. (*See* Exhibit 2).

3. Dynapass's assertion of infringement has created an actual, justiciable, immediate, and substantial controversy between Coinbase and Dynapass to warrant judgment declaring that Coinbase does not infringe the claims of the 658 patent, and that the claims of the 658 patent are invalid for failing to satisfy one or more requirements of 35 U.S.C. §§ 101 *et seq*.

## THE PARTIES

4. Plaintiff Coinbase is a Delaware corporation with physical offices located in San Francisco and Mountain View, California.

5. On information and belief, Defendant Dynapass Inc. is a Delaware corporation with headquarters at 2 Park Plaza, Suite 100, Irvine, California 92614. (*See* Exhibit 3). On information and belief, Dynapass Inc. "owns and has the right to enforce U.S. Patent No. 6,993, 658." (*See* Exhibit 2 at 1).

6. On information and belief, Defendant Dynapass IP Holdings LLC is a Delaware limited liability company with headquarters at 2 Park Plaza, Suite 100, Irvine, California 92614.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. §§ 1 *et seq.*

8. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act, 35 U.S.C. §§ 1 *et seq.*

9. This Court has subject matter jurisdiction over Coinbase's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an actual, justiciable, immediate, and substantial controversy exists between Coinbase and Dynapass regarding whether Coinbase infringed the claims of the 658 patent, and whether the claims of the 658 patent are invalid for failing to satisfy one or more requirements of 35 U.S.C. §§ 101 *et seq.*

10. On or about July 18, 2025, counsel for Dynapass sent correspondence into this forum state addressed to Coinbase's Chief Legal Officer accusing Coinbase of infringing the claims of the 658 patent. (Exhibit 2, "Dynapass's Letter"). Dynapass's Letter asserts that "Dynapass has successfully enforced the '658 patent against numerous well-known companies . . . relating to their use of 2FA [two-factor authentication] in connection with their commercial services and website platforms." (*Id.* at 1). Dynapass's Letter further asserts that "Dynapass has learned that Coinbase uses 2FA technology covered by the claims of the '658 patent. In particular, by at least 2018, Coinbase was requiring 2FA for all of its users." (*Id.*). Dynapass's Letter then demands damages for the "seven months remaining in the accountability window for past infringement" of the 658 patent. (*Id.* at 2).

11. On August 1, 2025, counsel for Coinbase responded ("Coinbase's Response") to Dynapass's Letter. Coinbase's Response explains and provides evidence demonstrating why Coinbase has never infringed any claim of the 658 patent and why the claims of the 658 patent are invalid. In view of Coinbase's explanation and evidence, Coinbase asked that Dynapass withdraw its infringement

1  claims by no later than August 11, 2025.  On August 11, 2025, counsel for Dynapass responded to Coinbase without withdrawing its infringement claims.

12. Dynapass's assertion of infringement has created an actual, justiciable, immediate, and substantial controversy between Coinbase and Dynapass to warrant judgment declaring that Coinbase does not infringe the claims of the 658 patent, and that the claims of the 658 patent are invalid for failing to satisfy one or more requirements of 35 U.S.C. §§ 101 *et seq.*

13. The Court has general personal jurisdiction over Dynapass Inc. at least because Dynapass Inc. has continuous, substantial, and systematic general business contacts with this forum state to render it at home in California, including, on information and belief, having its headquarters located at 2 Park Plaza, Suite 100, Irvine, California 92614 (*see* Exhibit 3) and its counsel's offices located at 3001 Red Hill Avenue, Building 4, Suite 213, Costa Mesa, California 92626.  On information and belief, Dynapass Inc.'s employees and executives work in this forum state, including its Chief Executive Officer Mr. Miguel Medina and its Chief Operating Officer Mr. Steve Carter.  (*See* Exhibit 4).

14. The Court also has specific personal jurisdiction over Dynapass Inc., pursuant to the California Long Arm Statute (Cal. Code Civ. Proc. § 410.10) and consistent with due process, because Dynapass Inc. purposefully directed its enforcement and licensing activities for the same 658 patent to this forum state and created a substantial connection with California.  For example, on information and belief, Dynapass Inc. filed a complaint in this forum state seeking to name more than 50 parties (*see* Exhibit 5) over alleged rights and licensing royalties to the 658 patent at issue here, including Mobile Authentication Corporation, Palisade Company Limited, WDX Holding, LLC, Charles J. Long, Jr., Kurt Wise, Wade Edwards, and Does 1-50.  *See Dynapass Inc. v. Mobile Authentication Corp. et al*, Civil Action No. 8:18-cv-01173-PSG-AGR (C.D. Cal.).  By initiating and participating in that lawsuit involving the 658 patent, Dynapass Inc. availed itself of the privileges of conducting

activities within California, as well as the benefits and protections of California law. Dynapass Inc.'s choice to sue more than 50 parties in this forum state over rights and licensing royalties to the 658 patent also demonstrates that Dynapass Inc. would not face an undue burden litigating in this forum state over the same 658 patent at issue here.

15. Coinbase repeats and realleges paragraphs 10 to 14 of this Complaint for purposes of this Court's personal jurisdiction over Dynapass IP Holdings LLC. On information and belief, Dynapass Inc. is the parent of Dynapass IP Holdings LLC. This Court has personal jurisdiction over Dynapass IP Holdings LLC because, on information and belief, Dynapass Inc. is acting as the alter ego of Dynapass IP Holdings LLC so as to justify disregarding the corporate entity. On information and belief, Dynapass Inc. and Dynapass IP Holdings LLC have such a unity of interest and ownership that the separate personalities of the respective entities no longer exist, and failure to disregard their separate entities would result in fraud or injustice. For example, on information and belief, Dynapass Inc. markets itself to the public as the owner of the 658 patent. (*See* Exhibit 3).  Dynapass's Letter also demonstrates that Dynapass Inc. and Dynapass IP Holdings LLC have such a unity of interest and ownership that the separate personalities of the respective entities no longer exist. Dynapass's Letter states that *Dynapass Inc.* "owns and has the right to enforce U.S. Patent No. 6,993,658." (Exhibit 2 at 1). Dynapass's Letter also states that "Dynapass has successfully enforced the '658 patent against numerous well-known companies," citing to litigation filed by *Dynapass IP Holdings LLC*. (*Id.*).

16. Coinbase repeats and realleges paragraphs 10 to 15 of this Complaint for purposes of venue. Venue is proper in this District under 28 U.S.C. § 1391(b)-(c). Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and § 1391(c)(2) because Dynapass is deemed to reside in any judicial district in which Dynapass is subject to personal jurisdiction with respect to this civil action. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events

giving rise to the claims at issue occurred in this District.

## FACTUAL BACKGROUND

17. The 658 patent is titled "Use of Personal Communication Devices for User Authentication" and states on its face that it issued on January 31, 2006. A copy of the 658 patent is attached as Exhibit 1.

18. The 658 patent expired on March 6, 2020.

19. Dynapass's Letter states that Dynapass Inc. "owns and has the right to enforce U.S. Patent No. 6,993, 658." (Exhibit 2 at 1).

20. On July 12, 2024, the U.S. Patent and Trademark Office ("PTO") found claim 5 of the 658 patent unpatentable. *See* IPR2023-00425, Final Written Decision at 39. Dynapass did not appeal the PTO's finding of unpatentability.

## COUNT ONE

**(Declaratory Judgment of Noninfringement of the 658 Patent)**

21. Coinbase repeats and realleges paragraphs 1–20 above as if set forth fully herein.

22. Coinbase has never infringed—either directly, indirectly, literally, or under the doctrine of equivalents—any claim of the 658 patent. For example, independent claim 1 of the 658 patent is reproduced below:

> 1. A method of authenticating a user on a first secure computer network, the user having a user account on said first secure computer network, the method comprising:
>
> associating the user with a personal communication device possessed by the user, said personal communication device in communication over a second network, wherein said second network is a cell phone network different from the first secure computer network;
>
> receiving a request from the user for a token via the personal communication device, over the second network;
>
> generating a new password for said first secure computer network based at least upon the token and a passcode, wherein the token is not known to the user and wherein the passcode is known to the user;
>
> setting a password associated with the user to be the new

password;

activating access the user account on the first secure computer network;

transmitting the token to the personal communication device;

receiving the password from the user via the first secure computer network; and

deactivating access to the user account on the first secure computer network within a predetermined amount of time after said activating, such that said user account is not accessible through any password, via said first secure computer network.

23. Coinbase has not infringed at least the following claim limitations in the 658 patent: "generating a new password for said first secure computer network based at least upon the token and a passcode, wherein the token is not known to the user and wherein the passcode is known to the user"; "setting a password associated with the user to be the new password"; "receiving the password from the user via the first secure computer network"; "a control module executed on the computer processor configured to create a new password based at least upon a token and a passcode, wherein the token is not known to the user and wherein the passcode is known to the user"; "the control module further configured to set a password associated with the user to be the new password"; and "an authentication module configured to receive the password from the user through a secure computer network."

24. In view of the facts and allegations set forth above, an actual, justiciable, substantial, and immediate controversy between Coinbase and Dynapass exists regarding whether Coinbase infringed the claims of the 658 patent.

25. Coinbase is entitled to judgment declaring that it has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any claim of the 658 patent.

## COUNT TWO

**(Declaratory Judgment of Invalidity of the 658 Patent)**

26. Coinbase repeats and realleges paragraphs 1–25 above as if set forth fully herein.

27. On July 12, 2024, the PTO found claim 5 of the 658 patent unpatentable under 35 U.S.C. § 103. *See* IPR2023-00425, Final Written Decision at 39. Dynapass did not appeal the PTO's finding of unpatentability. For at least the same reasons claim 5 was found unpatentable, the remaining claims of the 658 patent are invalid under 35 U.S.C. §§ 102 and/or 103.

28. The 658 patent also claims ineligible subject matter under 35 U.S.C. § 101. For example, the claims of the 658 patent are directed to the abstract idea of verifying a user's identity under Step 1 of *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014). The claims of the 658 patent also fail to recite an inventive concept, individually or as an ordered combination, under Step 2 of *Alice*.

29. In view of the facts and allegations set forth above, an actual, justiciable, substantial, and immediate controversy between Coinbase and Dynapass exists regarding the invalidity of the claims of the 658 patent.

30. Coinbase is entitled to judgment declaring that the claims of the 658 patent are invalid for failing to satisfy one or more requirements of 35 U.S.C. §§ 101 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Coinbase respectfully requests that judgment be entered:

A. Declaring that Coinbase has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any claim of the 658 patent;

B. Declaring that the claims of the 658 patent are invalid for failing to satisfy one or more requirements of 35 U.S.C. §§ 101 *et seq.*;

C. Finding that this case is exceptional under 35 U.S.C. § 285;

D. Awarding Coinbase its attorneys' fees and costs incurred in this action;

E.  Awarding Coinbase any other remedy or relief that the Court deems just and proper.

Dated: September 3, 2025

Respectfully submitted,

JONES DAY

By: */s/ John R. O'Donnell*
Rita J. Yoon (*pro hac vice*)
ryoon@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
(415) 626-3939

I. Sasha Mayergoyz (*pro hac vice*)
smayergoyz@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
(312) 782-3939

John R. O'Donnell (SBN 318054)
jodonnell@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
(213) 489-3939

*Attorneys for Plaintiff Coinbase, Inc.*

COMPLAINT FOR DECLARATORY JUDGMENT

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38-1, Coinbase respectfully demands a jury trial on all claims and issues so triable.

Dated: September 3, 2025

Respectfully submitted,

JONES DAY

By: */s/ John R. O'Donnell*
    Rita J. Yoon (*pro hac vice*)
    ryoon@jonesday.com
    JONES DAY
    555 California Street, 26th Floor
    San Francisco, California 94104
    (415) 626-3939

I. Sasha Mayergoyz (*pro hac vice*)
smayergoyz@jonesday.com
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
(312) 782-3939

John R. O'Donnell (SBN 318054)
jodonnell@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
(213) 489-3939

*Attorneys for Plaintiff Coinbase, Inc.*