# EXHIBIT 2

# MacArthur James LLP

July 18, 2025

**VIA EMAIL**

Paul Grewal, Chief Legal Officer
Coinbase, Inc.
100 Pine Street, Suite 1250
San Francisco, CA 94111-5253
Email: paul.grewal@coinbase.com

RE: U.S. Patent No. 6,993,658

Dear Mr. Grewal:

We represent Dynapass, Inc. in connection with certain intellectual property matters. In particular, Dynapass owns and has the right to enforce U.S. Patent No. 6,993,658 ("the '658 patent"), relating to two-factor authentication (2FA). Dynapass has successfully enforced the '658 patent against numerous well-known companies, including Amazon, JP Morgan Chase and Wells Fargo, relating to their use of 2FA in connection with their commercial services and website platforms (see, for example, *Dynapass IP Holdings LLC v. JPMorgan Chase Bank, N.A.*, Case No. 2:22-cv-00212-JRG-RSP). After successfully defeating multiple attempts by these well-funded defendants to invalidate the '658 patent in *inter partes review* (IPR) proceedings before the Patent Trial and Appeal Board, Dynapass resolved the infringement disputes with all defendants at various points in the enforcement, including with JP Morgan Chase following jury selection proceedings in the U.S. District Court in Marshall, Texas. Dynapass has also resolved disputes involving the '658 patent without filing an infringement action, most recently with Crypto.com (see https://www.dynapass.com/company/aboutus.php).

Dynapass has learned that Coinbase uses 2FA technology covered by the claims of the '658 patent. In particular, by at least 2018, Coinbase was requiring 2FA for all of its users (see https://www.pymnts.com/authentication/2018/coinbase-2fa-cryptocurrency-trading-digital-identity/#:~:text=How%20Coinbase%20Safeguards%20User%20Accounts,can%20securely%20manage%20their%20cryptocurrencies.)

Thus, as a basic element in the '658 patent claims, Coinbase initializes customer access to Coinbase's platform by providing two-factor authentication as part of the sign-on procedure. For example, Coinbase uses a system that associates a user with a user's personal communication

device (e.g., a smartphone), which communicates via cell network. The cell network is different from the secure computer network associated with the Coinbase platform.

Also covered by the patent, as part of the sign-on procedure, a "token" (e.g., a one-time authorization code) is provided to the user's personal communication device over the cell network. As another a basic element of the patent claims, Coinbase's 2FA technology provides steps for authenticating users and activating account access based on receiving a "passcode" (user's password) and the "token" from the user.

Finally, the Coinbase platform subsequently deactivates access to the user account within a predetermined amount of time after activating account access.

Even though the '658 patent is now expired, there are still over seven months remaining in the accountability window for past infringement. Based on Dynapass's present understanding of the number of infringing 2FA transactions likely at issue, Dynapass expects that the parties could reach an agreement that releases Coinbase from any claim for damages for past infringement without resorting to discovery in litigation.

Dynapass would like the opportunity to provide detail on its proposed approach and further discuss these matters at Coinbase's earliest convenience.

Very truly yours,

Doug Muehlhauser

Attachment: U.S. Patent No. 6,993,658